Jeanne LAYTON, Plaintiff,

v.

Morris F. SWAPP, Individually and as a member of the Davis County Library Board; Sharon Shumway, Individually and as a member of the Davis County Library Board; Robert M. Arbuckle, Individually and as a member of the Davis County Library Board; Evan A. Whitesides, as a member of the Davis County Library Board, and Eva Jean Law, as a member of the Davis County Library Board; and the Davis County Library Board, Defendants.

Civ. No. NC 79–0177.

United States District Court,
D. Utah, N. D.

Dec. 3, 1979.

Albert J. Colton, and Charles B. Casper, Salt Lake City, Utah, for plaintiff.

George K. Fadel, Bountiful, Utah, for defendants.

## MEMORANDUM OPINION and ORDER

JENKINS, District Judge.

This is a Civil Rights action for damages and injunctive relief brought under 42 U.S.C. §§ 1983 and 1988, pursuant to the jurisdiction conferred by 28 U.S.C. §§ 1331 and 1343, and alleging violations of the First, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff was the long-time Davis County Librarian and served as such until her purported discharge by the defendants, the Davis County Library Board and its members, September 28, 1979.

This matter is before the Court not on the merits of the law suit but on plaintiff's Motion for a *Preliminary* Injunction. Plaintiff seeks reinstatement to the position of Davis County Librarian, seeks back pay and seeks an Order enjoining the Library Board from pursuing an action filed in Davis County state court, involving issues similar to those before this Court. Plaintiff's Motion was fully briefed by each party and was argued to the Court on facts that are basically undisputed.

The major issue now before the Court is whether plaintiff was deprived of a property interest by defendants without procedural due process.

Some preliminary matters first need to be resolved. Defendants originally raised an issue as to service of process; they now concede and consent to the personal jurisdiction of this Court. Defendants contested the subject matter jurisdiction of the Court on the ground that the Library Board is not a "person" within the meaning of 42 U.S.C. § 1983. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) teaches otherwise and the Court finds that the Library Board is a "person" for purposes of 42 U.S.C. § 1983. Defenses raised by the individual defendants concerning their alleged immunity from suit are unavailable to them in an injunctive matter of this kind. At this stage of the proceeding we are *not* concerned with the First Amendment issue of the availability of books of one kind or another.

The property interest claimed by plaintiff is an interest in continued employment. The scope of this interest is determined by state law; namely the law governing whether she is or is not a merit employee, or is otherwise a tenured employee. *See, Utah Code Annotated* §§ 17–33–1 *et seq.* and the Davis County Merit System Ordinance, copies of which have been filed with the Court. A merit system employee has a statutorily protected interest in continued employment; may not be discharged from employment except for "cause", and is granted certain procedural rights both be-

fore and after discharge. An employee "exempt" from merit status is less favored.

Both before and after plaintiff's purported discharge, defendants considered her to be exempt from merit status, not entitled to the procedural protection of a merit employee, and subject to discharge at the discretion of the Library Board. However, plaintiff contended otherwise and filed a timely appeal of the purported discharge to the Davis County Merit Council. The appeal asserted that plaintiff was covered by the merit system, that she was denied pre-termination procedural protections guaranteed to merit employees under Article XIII of the Davis County Merit System Ordinance, that she was not discharged for "cause" within the meaning of that ordinance, and that she was entitled to reinstatement and back pay. Alternatively, plaintiff argued before the Merit Council that if the position of Librarian was not covered by the merit system, she had been promoted to that position from a covered position and was entitled to return to her former position pursuant to Article XII, Section A(6) of the ordinance.

■ Plaintiff's contentions were considered, in part, by the Davis County Merit Council on October 11, 1979. Transcripts of that hearing have been filed with this Court. It appears that the *only issue* fully considered by the Merit Council at that hearing was whether it had jurisdiction to hear the appeal, i. e., whether plaintiff was or was not a merit employee. Despite the fact that the Davis County Commission, for reasons known only to its membership, passed an ordinance on August 9, 1979, purporting to "exempt" the position of County Librarian from merit status, the Merit Council correctly determined that under *Utah Code Annotated* § 17–33–16(1)(e), only the Council could confer exempt status and that the County Commission could not do so. Indeed, under that same statute, even the Merit Council could exempt only major department heads "charged directly by the governing body" with assisting in policy formulation and implementation.

By written decision dated October 19, 1979, a copy of which was filed with the Court, the Merit Council determined that plaintiff *was* a merit system employee entitled to the pre-termination protections of Article XIII of the Davis County Merit System Ordinance. However, at least on the face of its written decision, *the Council did not determine whether those pre-termination protections had been provided to plaintiff by the Library Board, and did not determine whether adequate "cause" existed for plaintiff's dismissal by the Library Board.*

On October 24, 1979, plaintiff filed her Complaint in this Court. Shortly thereafter the Library Board filed an action in the Davis County state court seeking review and reversal of the Merit Council determination of plaintiff's merit status. Plaintiff argues that this Court should enjoin that state court action, while defendants argue that this Court should take no action until the state court reviews the Merit Council decision. This Court has jurisdiction under the Civil Rights Act to enjoin defendants from prosecuting the state court action. *See, Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). The Anti-Injunction Act, 28 U.S.C. § 2283, is no bar. Since the action here was filed first, the Anti-Injunction Act would not bar an order of this Court designed to preserve this Court's prior jurisdiction. However, the propriety of enjoining the state court proceedings is discretionary.

Neither party asks this Court to interfere at this time with the prior holding of the state agency—the Merit Council—that plaintiff is a merit system employee. The reasons argued by the parties are different. Plaintiff wants no interference because of her belief in the essential correctness of the decision. Defendants believe that ultimately a state court should pass on what is manifestly a state question—Is plaintiff covered or is she not?

I agree.

But until the Council determines other issues raised by plaintiff's appeal, it would be inappropriate for *any* tribunal, state or

federal, to disturb the Merit Council's determination of coverage. For the purpose of considering the *preliminary* relief now sought by plaintiff, this Court defers to that state agency determination. That state agency is expressly charged with initially making the coverage determination.

But, once plaintiff's property interest has been determined, this Court is very much concerned with whether the process designed to protect that interest from arbitrary action has been followed. That process is set forth in the Davis County Merit System Ordinance. Article XIII, Section C (Appendix A to this opinion) governs the pre-discharge process. Article IX, Sections B, D and E (Appendix B to this opinion) governs the post-discharge process.

Plaintiff places great emphasis on defendants' alleged failure to follow her interpretation of the pre-discharge procedures. Defendants urge substantial compliance with the requirements in Article XIII for, "[n]otification in writing by the department head" (Section C.1.a(1)), for an "opportunity to reply and have [the] reply considered" (Section C.1.a.(2)), and for "an opportunity to be heard by [the] department head" (Section C.1.a.(3)). The factual record reveals that a letter was sent to plaintiff on July 23, 1979 by or on behalf of a majority of the Library Board, listing seven "objections"; that plaintiff responded to that letter with a letter of her own; and that at the Library Board meeting of September 18, 1979 which resulted in plaintiff's discharge, both plaintiff and her attorney were allowed to offer statements, although no evidence was taken and the chairman of the Board stated that the meeting was not a "hearing".

Plaintiff in substance argues that she is entitled to formal procedures, including an evidentiary hearing, prior to discharge. Article XIII does not specify whether an evidentiary hearing must be held prior to discharge, and, standing alone, it does not adequately protect plaintiff's constitutional rights.

But, Article XIII cannot be considered "standing alone" because *it is but step one in a two step process.* When considered in conjunction with step two, the post-termination appeal under Article IX, step one may well be sufficient protection of a recognized interest in continued employment at that initial stage.

Step one seems to contemplate a relatively informal procedure which may well vary from department to department. It does have the virtue of requiring the employer—the Library Board—to put its dissatisfactions in writing. It does provide that an employee be given a chance to respond—and that the employee's grievances be "heard" by the employer and, at that stage, may well require nothing more.

Step two, the appellate process, provides the check and the balance against precipitous, biased, unreasoned, ill-motivated, vindictive or myopic action on the part of the employer. It provides for review by a neutral body, the Merit Council, after a full-blown evidentiary hearing, to make sure that the reasons given by the employer for termination are good, legal reasons—that there is "just cause" for termination within the meaning of the ordinance—and to make sure that step one has been fully complied with.

■ Due process is a variable concept. It depends generally on the nature of the competing interests involved. As long as meaningful relief through formal procedures is available in a *timely fashion* after government action, relatively informal procedural protections are often sufficient prior to government action. *See, Mathews v. Eldredge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

■ Implicit in the concept of "due process" are two ideas:

First, government, here Davis County government, must follow its own rules.

Second, it must do so within a reasonable time.

Step one, the pre-termination ordinance, and step two, the post-termination ordinance, obviously contemplate that orderly procedures be followed with reasonable dispatch.

This has not occurred in this instance because the Merit Council has done but half its work. I don't say that in criticism. I say it by way of observation.

■ The Council having made its determination that plaintiff is a covered employee, it must then, in that same proceeding, determine whether the pre-termination procedures mandated by Article XIII, Section C of the Davis County Merit System Ordinance were followed by the Library Board. It follows, if these procedures were not complied with, that plaintiff is entitled to reinstatement plus back pay from the effective date of her discharge. The discharge would be procedurally defective—and null and void. If the Merit Council determines that the required pre-termination procedures were followed, plaintiff, having filed a timely appeal, is entitled by the post-termination appellate process to have the Council determine in that same proceeding after a full evidentiary hearing whether or not she was discharged for "cause", all as set forth in Article IX of the ordinance.

If she has not been discharged for "cause" she would be entitled to reinstatement plus back pay from the effective date of discharge, because absent "cause" the discharge would be legally insufficient and null and void.

These issues are not ripe for determination by *any* state or federal court, because the Merit Council must determine these issues as part of the pending proceeding.

In short, the administrative process designed by state law to provide due process has not yet been completed.

The requirement of the completion of that process—the exhaustion of administrative remedies—is not just nodding to technicalities.

Plaintiff is not entitled to reinstatement unless that agency initially concerned with the due process—the neutral Merit Council—initially determines that Article XIII was breached by the employer or that the discharge lacked "cause" within the meaning of the ordinance, after a timely hearing.

■ Where full due process remedies, including a full evidentiary hearing, are not available until after a step one government discharge action, due process is breached if government does not provide step two remedies, including a full evidentiary hearing, in a timely fashion.

It is important for the Merit Council to complete its work and to make its determinations as part of the proceeding which it is charged with overseeing. It is important to the plaintiff because she stands jobless through what may well be inappropriate action on the part of her employer. She needs relief *now*, not after the jurisdictional issue wends its way through the legal labyrinth to the state supreme court. Even if at the end she triumphs, such a "victory" may be hollow indeed.

It is important to the plaintiff because a due process factual inquiry may well end on the administrative level. It is important to the public and to the employer that the employer—the Library Board—be required to present its reasons for taking the action it has taken and have those reasons initially tested for truthfulness and for legal adequacy by the agency charged with the responsibility for doing that very thing—the Merit System Council. It is important for the public to know that the Merit Council is fulfilling its complete function in protecting experienced employees from arbitrary employer action and thus preserving the investment government has in the expertise and knowledge of such employees. It is also important to the public that where "cause" exists the action of the employer be given the imprimatur of an objective and neutral eye.

It is of course vitally important for this and for any other court to have before it a full and complete administrative record in a status ripe for determination.

Article IX of the Davis County Merit System Ordinance establishes a timetable leading up to the post-termination evidentiary hearing. Once the Merit Council determined plaintiff was covered by the Merit System, the timely appeal plaintiff filed should have triggered either a speedy deter-

mination of the Article XIII issue, or an evidentiary hearing conforming to the Article IX timetable.

The record does not reveal *any* action taken by either the Merit Council or the Library Board that would lead to a *timely* determination of the unresolved issues raised by plaintiff's appeal.

The Merit Council is not a party before this Court, and the record does not reveal a formal request from plaintiff to the Merit Council for further action after the initial Merit Council determination of plaintiff's merit status. At this stage it is not the function of this Court to determine Article XIII compliance nor to hold an evidentiary hearing to inquire into the existence of "cause" for discharge. It is the function of the Merit System Council.

Plaintiff made a formal demand for reinstatement to the Library Board after the Merit Council decision of coverage. She received no response.

She has been unemployed since September 28, 1979, and has been harmed by government untimeliness.

Under these circumstances, due process requires this Court to fashion an equitable remedy designed to insure timely resolution of unresolved issues in the appropriate forum, and to insure that plaintiff is not harmed further by government untimeliness.

Finally, this Court does not intend to become the ultimate arbiter of questions of state law discussed herein. Once the Merit Council makes a final decision about the unresolved issues before it, that administrative decision becomes subject to review by the state courts, upon proper application, according to standards of review fixed by state law.

Therefore, in light of the foregoing, the Court hereby Orders as follows:

(1) Defendant Davis County Library Board is enjoined from further prosecuting the action now pending in the Second Judicial District Court of Davis County, State of Utah, Case No. 1–27113, until the Davis County Merit Council finally determines unresolved issues now pending before it.

(2) Effective January 14, 1980, defendant Davis County Library Board is Ordered to reinstate plaintiff to the position of Davis County Librarian, unless prior to January 14, 1980, the Davis County Merit Council finally determines unresolved issues pending before it and makes *both* of the following findings:

(a) that the Davis County Library Board complied with the Davis County Merit System Ordinance, Article XIII, Section C (entitled "Grievance Policy"), prior to the purported discharge of plaintiff; and

(b) that plaintiff was discharged for a cause or causes factually and legally authorized as a basis for discharge by the Davis County Merit System Ordinance.

(3) Plaintiff and the defendant Davis County Library Board are Ordered to cooperate fully with each other and with the Davis County Merit Council so that unresolved issues pending before the Council are timely determined in accordance with procedures required by the Davis County Merit System Ordinance.

(4) Defendant Davis County Library Board is Ordered to reinstate plaintiff to the position of Davis County Librarian on the next business day following the effective date of a final determination by the Davis County Merit Council that Article XIII was not complied with prior to the purported discharge of plaintiff, *or* that plaintiff was not discharged for cause. In no event shall reinstatement under this paragraph occur later than January 14, 1980.

(5) It is Ordered that the reinstatement of plaintiff to the position of Davis County Librarian shall entitle plaintiff to all salary and benefits accruing to that position after September 28, 1979.

APPENDIX A

Article XIII

Separations

Section C—Grievance Policy

1. Dismissals from positions under Merit System shall only be to advance the good of the public service, for such causes as inefficiency, insubordination, disloyalty to the orders of a superior, misfeasance, malfeasance, or nonfeasance in office. Except in aggravated cases of misconduct, no regular employee shall be demoted or dismissed from a tenured position without the following procedures:

   a. The administrative officer shall give to the affected employee:

     (1) Notification in writing by the department head of the reasons for discharge.

     (2) The employee shall have an opportunity to reply and have his reply considered by his department head.

     (3) An opportunity to be heard by his department head or designated representatives.

   b. Following such a hearing an employee may be dismissed or demoted if the department head finds adequate cause or reason.

   c. When the administrative officer's decision is appealed to the Merit System Council—a sound-scription of the record or a transcribed record of the testimony shall be presented to the Council.

2. The administrative officer may, in his discretion, appoint a referee to hear the evidence and make findings and recommendations. Dismissals or demotions made pursuant to this section for cause shall be promptly reported by the administrative officer to the County by filing with the County Personnel Director a copy of the letter notifying the employee of the findings made as a result of the aforementioned hearing and his or her dismissal or demotion pursuant thereto.

.   .   .   .   .

## APPENDIX B
### Article IX
### Appeals

.   .   .   .   .

Section B—Hearings by the Merit System Council—Discrimination, Dismissal, Suspension, Demotion, Promotion, Reassignment, Separation Due to a Reduction of Force, or any other Personnel Action Subject to Right of Appeal.

Procedure Prior to Hearings

   a. A regular employee who is dismissed, reassigned, suspended, demoted, or separated due to reduction of force or for discrimination shall have the right to appeal to the Merit System Council as detailed in Article IX, of these regulations. Such appeals shall be filed in writing with the Council not later than ten (10) days after the effective date of the dismissal, reassignment, suspension, demotion, or separation. The Council shall arrange a formal hearing not less than five (5) nor more than twenty (20) days after receipt of such appeal.

   b. Upon receipt of notice of appeal from an employee, the County Personnel Director shall notify the interested department of the notice no later than two (2) work-days after receipt of the notice.

   c. The appellant shall include in his or her appeal a short statement which may include statements of denial of charges, mitigation, extenuating circumstances, or such other information, statements, or claims as may lend support to his or her appeal. He or she shall advise the County Personnel Director of any witnesses whom he or she expects to introduce at the hearing in support of his or her appeal, and whether he or she intends to present his or her case personally or through a representative. The appellant shall be responsible for notifying such witnesses of the time and place of hearing.

   d. Within two (2) work-days after receipt of the appeal, the County Personnel Director shall transmit to the interested departments a copy of that statement.

   e. Within two (2) work-days after the receipt of the appeal, the department shall transmit to the County Personnel Director a statement of the cause of the action which has been appealed. This statement should be short, but in sufficient detail as to

present all of the pertinent facts. Within this period the department shall also advise the County Personnel Director of any witnesses it expects to introduce at the hearing in support of its action. The department shall be responsible for notifying such witnesses of the time and place of the hearing.

f. At least four (4) days in advance of the hearing, the County Personnel Director shall:

(1) Notify the appellant and the department by mail of the time and place the hearing is to be held.

(2) Furnish each member of the Council with the department's reasons for its actions, and a copy of the appellant's letter appealing such actions.

(3) Furnish each member of the Council with a copy of these Rules and Regulations.

Section D—Procedure at the Hearings—Introductory Statement

The following procedure is intended to be a guide for the conduct of the hearing in an orderly manner and in compliance with Article IX—Separations, of these Regulations. It is not fixed in the sense that it will be allowed to interfere with the purpose of the hearing—to bring out all the facts. The appellant may present his or her case personally or through a representative of his or her choice. The hearing shall not be bound either by legal procedures or by legal rules of evidence. A verbatim record shall be kept of the proceedings. Reference to the hearing and the Council's decision and recommendations shall be entered in the minutes of the next Council meeting.

a. The Council Chairman shall open the hearing by naming the parties and stating the nature of the action of the department.

b. Presentation of the department's case.

(1) When requested by the Chairman, the department representative shall read the department's letter to the employee. Upon completion of the reading, the department representative may make such other oral statements

or offer such other evidence as he may consider necessary to supplement the statement.

(2) When the department representative has finished with his oral statements or has stated that he has none to make, he may introduce witnesses or material evidence in support of the department's action.

(3) At the close of the department representative's oral statements and the testimony or evidence offered by department witnesses, questions may be directed to the representative and each witness by interested parties. *Interested Parties* are as follows, and they shall raise questions in the order named and at times called upon by the Chairman.

(a) The department representative, on the testimony and evidence of department witnesses; and department witnesses, on the testimony and evidence of the representative and of each other witness.

(b) The appellant, on the testimony and evidence offered by the department representative and each department witness. *Questions of the appellant at this point should be aimed at focusing the attention of the Council on what he or she considers to be weaknesses of the department's position or on points that he or she will make later when presenting his or her case. THIS IS NOT THE PROPER PLACE FOR REBUTTAL OR COUNTER ARGUMENTS.*

(c) The County Personnel Director, on the testimony and evidence of the department representative and each department witness.

(d) Council, on the testimony of and evidence offered by the department representative and each witness.

(4) Prior to closing the presentation of the department's case, the Council shall call for questions or statements by any interested parties concerning the case of the department. (Note: The purpose of this step is to allow presen-

tation of testimony or evidence not previously presented in the foregoing procedure.)

c. Presentation of the appellant's case—The procedure here shall be exactly the same as that for presentation of the case of the department except that the roles of the department representative and witnesses and those of the appellant and his witnesses shall be reversed.

d. Before closing the case, the Council shall allow the appellant and department representative in turn to make closing statements.

Section E—Decision of the Merit System Council

The Merit System Council shall, within ten (10) days after date of hearing, make its decision in writing and transmit copies of such decision to the interested parties including the employee, and the administrative officer. In each case appealed to it, the decision of the Council shall be final.